Grafton,
No. 4920.

JUDGE OF PROBATE *v.* PEERLESS INSURANCE COMPANY.

Submitted April 5, 1961.

Decided May 31, 1961.

*James M. Riley, Jr.* and *Edward F. Smith* for the State of New Hampshire, Department of Employment Security.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* for defendant, furnished no brief.

KENISON, C. J. Suits upon probate bonds can be maintained only by reason of and in accordance with statutory provisions. *Judge of Probate* v. *Company*, 94 N. H. 177, 179. RSA ch. 565 which prescribes the procedure for such suits provides in pertinent part as follows: "9 FORFEITURE. When it shall appear, upon confession, verdict, demurrer or in any other way, that the penalty of the bond is forfeited judgment shall be rendered against the defendant for such penalty; and such judgment shall be security for all parties interested. 10 JUDGMENT. Upon a hearing in chancery on such forfeiture, the court shall examine and ascertain the claims of the parties whose names are indorsed on the writ; and judgment shall be rendered for such parties respectively for the amount so ascertained . . . . "

To obtain judgment in the suit upon the bond, the State, as an endorser, must show the liability of the executrix to pay its claim. *Lisbon Sav. Bank &c. Co.* v. *Moulton's Est.*, 91 N. H. 477, 479. In general all claims, unless admitted, must be liquidated before

they can be recovered upon a probate bond. *Probate* v. *Adams,* 49 N. H. 150; *Judge of Probate* v. *Lane,* 51 N. H. 342.

Plaintiff's claim in *Lisbon Sav. Bank &c. Co.* v. *Moulton's Est.,* 91 N. H. 477, was unliquidated and its validity and amount had to be determined first by an accounting in probate court which had sole original jurisdiction thereof before a judgment could be rendered in chancery. Although the proceedings in the *Lisbon* case were under what is now RSA 556:28, if the plaintiff had been an endorser on a probate bond it would have had to await a determination of the amount of its claim by the probate court before judgment could have been rendered under RSA 565:10. *Judge of Probate* v. *Lane, supra,* 345.

However in the case at bar the State had a judgment of the Superior Court adjudicating that Ida P. Shea, executrix, was indebted to it in an amount certain. Its claim was liquidated by a judgment at law which the Trial Court found could not be attacked collaterally. There was nothing to be determined by the probate court as to the validity and amount of this claim. See *Judge of Probate* v. *Lee,* 72 N. H. 247, 248; anno. 119 A. L. R. 83, 111. It was therefore the function of the Superior Court to "examine and ascertain" the State's claim and to render judgment for the amount so ascertained as required by RSA 565:10.

*Exceptions sustained.*

DUNCAN, J., dissented; the others concurred.